UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ROBERT TAYLOR,

       Plaintiff,

                                            CASE NO. 16-11790
v.                                            HON. JOHN CORBETT O'MEARA

CATHY M. GARRETT, SAMUEL MACKIE,
MICHAEL RUSSELL, STEVEN KAPLAN,
CAPERS P. HARPER, JR., SIDNEY BARTHWELL, JR.,
RENEE R. McDUFFEE, MICHAEL REYNOLDS,
MICHAEL WAGNER, and MICHAEL J. CALLAHAN,

       Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This matter has come before the Court on plaintiff Charles Robert Taylor's *pro se* civil rights complaint. Plaintiff is a state prisoner at Bellamy Creek Correctional Facility in Ionia, Michigan. The defendants are: Wayne County (Michigan) Clerk Cathy M. Garrett; Sergeants Samuel Mackie and Michael Russell of the Detroit Police Department; assistant Wayne County prosecutor Steven Kaplan; attorney Capers P. Harper, Jr.; state district judges Sidney Barthwell, Jr., Renee R. McDuffee, Michael Reynolds, and Michael Wagner of the State's 36th district court; and state circuit judge Michael J. Callahan of Wayne County Circuit Court.

The complaint and exhibits allege that: county clerk Cathy Garrett did not file Plaintiff's motions, nor respond to Plaintiff's numerous letters requesting documents and information about his criminal case; Sergeants Samuel Mackie and Michael Russell

illegally arrested Plaintiff in North Carolina in 2012 on a fugitive arrest warrant for a homicide committed in Michigan; prosecutor Steven Kaplan permitted Sergeants Mackie and Russell to arrest Plaintiff without using the proper procedure; attorney Capers P. Harper, Jr., refused to investigate the validity of the arrest warrant; Judge Sidney Barthwell, Jr., signed a felony complaint and felony warrant without following the proper procedure; district judge Renee R. McDuffee arraigned Plaintiff even though she knew the arrest warrant was illegal and other documents were fraudulent, and she failed to conduct the arraignment within forty-eight hours of Plaintiff's arrest; district judge Michael J. Reynolds signed an illegal felony complaint; district judge Michael Wagner bound Plaintiff over for trial without an evidentiary hearing or any evidence; and circuit judge Michael J. Callahan allowed the case to proceed despite a lack of evidence, and he denied all the defense motions.

Although Plaintiff was charged with first-degree (premeditated) murder, a jury in Wayne County Circuit Court found him guilty of the lesser charge of second-degree murder. On April 4, 2013, Judge Callahan sentenced Plaintiff to imprisonment for 600 to 900 months with 297 days credit for time served.

On May 2, 2016, Plaintiff filed his civil rights complaint in the United States District Court for the Western District of Michigan. A magistrate judge treated the complaint as one brought under 42 U.S.C. § 1983 and then transferred the case to this District pursuant to 28 U.S.C. § 1406(a). Upon receipt of the complaint here, the Court granted Plaintiff permission to proceed without prepayment of the fees and costs for this action.

2

## II. Legal Framework

Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A prisoner must prove two elements to prevail on a claim under 42 U.S.C. § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law."  *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

3

### III.  Discussion

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted because it challenges Plaintiff's arrest and criminal trial.  His allegation that there was a lack of evidence to support the murder charge leads the Court to conclude that Plaintiff believes he was falsely convicted and, therefore, is entitled to money damages.[1]  The sole federal remedy for a state prisoner's challenge to the very fact or duration of physical imprisonment is a petition for the writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  And, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted)(emphasis in original).  *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his conviction was invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and

---

[1] The only relief requested in the complaint is "to serve notice to all that they are being sued in their personal capacity."  Compl., ECF No. 1, Pg ID 6.

success in this action would necessarily demonstrate the invalidity of Plaintiff's conviction, sentence, and imprisonment. Therefore, Plaintiff's allegations are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

The individual defendants are not liable under § 1983 for the following additional reasons. First, the contention that Sergeants Mackie and Russell illegally arrested Plaintiff and that Judge McDuffee did not promptly arraign him lacks merit because Plaintiff was subsequently tried and convicted. An "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

Second, § 1983 is "limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (emphasis in original) (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)). Thus, the alleged violations of state procedure are not a basis for relief.

Third, prosecutors enjoy absolute immunity from liability under § 1983 for "initiating a prosecution and presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). Therefore, assistant prosecutor Kaplan is entitled to absolute immunity from suit for his role in initiating the prosecution against Plaintiff. The Court notes, moreover, that ordering a suspect's arrest is not per se outside the scope of a prosecutor's role as an advocate when the

5

order follows the issuance of a valid arrest warrant by a neutral judge and is supported by probable cause. *Howell v. Sanders*, 668 F.3d 344, 351-52 (6th Cir. 2012).

Fourth, judges also enjoy immunity from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity extends to state district court judges and magistrates in the performance of their judicial acts. *Krajicek v. Justin*, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998). Furthermore, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," *Mireles*, 502 U.S. at 11, and it

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* at 11-12 (internal and end citations omitted). Neither of these exceptions applies here. Consequently, state district judges Barthwell, McDuffee, Reynolds, and Wagner, as well as circuit judge Callahan, are immune from suit.

Fifth, Capers P. Harper, Jr., apparently was Plaintiff's defense attorney in the criminal case. Whether Harper was compensated by the State or retained by Plaintiff, he did not act under color of law when performing the traditional function of counsel to Plaintiff in a criminal proceeding. *Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Consequently, Plaintiff has failed prove the second element of a civil rights action, namely, that Harper acted under color of law.

Finally, Plaintiff's only allegation about defendant Garrett is that she did not file his motions or respond to his requests for documents and information about his criminal case. Mere negligence is not a basis for relief under § 1983. *Daniels v. Williams*, 474

U.S. 327, 329-32 (1986); *Newsome v. Peterson*, 66 F. App'x 550, 551 (6th Cir. 2003). And to the extent Garrett was performing a quasi-judicial function when she failed to file Plaintiff's motions, she enjoys absolute immunity from suit. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).

## IV. Conclusion

For all the reasons given above, Plaintiff's complaint lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted. The complaint also appears to seek money damages from defendants who are immune from suit. The Court therefore dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


Date: July 19, 2016                          s/John Corbett O'Meara
                                             United States District Judge


I hereby certify that on July 19, 2016 a copy of this order was served upon Plaintiff using first-class U.S. mail.

                                             s/William Barkholz
                                             Case Manager